## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

**JAMES A HINCHCLIFF**

*Plaintiff*

Vs,

**CAVALRY PORTFOLIO SERVICES LLC**
**SCHACHTER  PORTNOY LLC**

*Defendant*

**COMPLAINT**

1:13-CV-1219 (LEK/RFT)

*Jury Trial Demanded*

Albany  County        }

New York State       } ss:

JAMES A HINCHCLIFF , the Plaintiff in this action, by his attorney, complains of the defendant by alleging and showing that:

### NATURE OF ACTION

1.     This is an action to enforce the Fair Debt Collection Practice Act (FDCPA) 15 USC §1692 *et seq*,

### JURIDICTION AND VENUE

2.     This Court has federal question jurisdiction under 15 USC §1692k (d) and 28 USC §1331. Declaratory relief is available per 28 USC §§ 2201 and 2202

3.     Venue is proper in this district per 28 USC §1391 (b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district because plaintiff lives in this district, defendant conducts business in this district and the injury occurred in this district.

**PARTIES**

4.      At all relevant times:

   a.   I am and was a resident of the Town of Waterford, Saratoga County, New York State, within this district,

   b.   I am a" consumer" as that term is defined in the FDCPA, in that I am a natural person who allegedly owes a debt to another.

5.      Upon information and belief, at all relevant times, Cavalry SPV I LLC ( " Cavalry") :

   a.   is a Delaware  limited liability company  authorized to do business in New York State  with a place of business at  Valhalla, Westchester County, New York;

   b.   Is a "debt collector" as that term is  defined in the FDCPA;

   c.   Is in the business of buying and  collecting defaulted consumer debt from others  by use of the mail, telephone, and the courts of New York and other means of interstate commerce;

   d.   conducts business in this District and has an agent in this District;

   e.   hired, directed, supervised the defendants or acquiesced their  its conduct on its behalf.

6.      Upon information and belief, at all relevant times,  the defendant **Cavalry Portfolio Services LLC ( " CPS") :**

   a.  is a Delaware  limited liability company  authorized to do business in New York State  with a place of business at  Valhalla, Westchester County, New York;

   b.  Is a "debt collector" as that term is  defined in the FDCPA;

   c.  Is in the business of servicing  and  collecting defaulted consumer debt for  others, notably Cavalry SPV 1 LLC, by use of the mail, telephone, and the courts of New York and other means of interstate commerce;

   d.  conducts business in this District and has an agent in this District;

   e.  hired, directed, supervised the other defendant  or acquiesced in   the other's conduct on its behalf.

7.      Upon information and belief, at all relevant times, the defendant  **Schachter Portnoy LLC ( " SP") :**

   a.  is a New jersey  limited liability company  authorized to do business in New York State  with a place of business at  Valhalla,  Westchester County, New York;

   b.  Is a "debt collector" as that term is  defined in the FDCPA;

    c.  Is in the business collecting defaulted consumer debt for others  by use of the mail, telephone, and the courts of New York and other means of interstate commerce;

    d.  conducts business in this District and has an agent in this District;

    e.  acted on behalf of Cavalry  and/or CPS at their  instance, direction or supervision.

### FACTUAL ALLEGATIONS

8.  On  or about  10/17/12  Cavalry through CPS   hired  SP  to sue  me in the Supreme Court for Albany County .  SP  did so by filing a summons and complaint in the Albany  County Clerk's Office on that date.

9.  A copy of the summons and complaint is attached as Exhibit 1,

10.  The subject of the lawsuit was an alleged defaulted credit card debt  that Cavalry   says it bought from HSBC Bank Nevada NA which (whether I owe it or not)  is  an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, or services are primarily for personal, family, or household purposes, hence  a "debt" as that term is defined by the FDCPA

11.  The complaint was signed by Craig Faye, Esq,  an attorney associated with SP,  in the regular course of his employment for SP.

12.     By signing the complaint,   Craig Faye   certified to the County Clerk, the Court and

        to me that to the best of his knowledge, information and belief,  formed after an

        inquiry reasonable under the circumstances,  the presentation of the paper or the

        contentions therein are not frivolous as defined in section 130-1.1(c) of the rules of

        the Chief Administrator .

13.     Under section 130-1.1(c ) conduct is frivolous if:

                (1) it is completely without merit in law and cannot be supported by

                a reasonable argument for an extension, modification or reversal of

                existing law;

                (2) it is undertaken primarily to delay or prolong the resolution of

                the litigation, or to harass or maliciously injure another; or

                (3) it asserts material factual statements that are false.[1]

14.     SP , in the summons, declared the action a "CONSUMER  CREDIT

        TRANSACTION."

15.     Section 503 (f) of the New York Civil Practice Law and Rules( CPLR )  ( which

        we ask the Court to  take notice of )  states in pertinent part that  in an

        action  arising  out  of  a   consumer  credit  transaction where a purchaser,

        borrower or debtor is a   defendant, the place of trial shall be the residence

        of a defendant,  if   one  resides  within the state or the county where such

        transaction took   place, if it is within the state.

---

[1] 22 NYCRR Part 130.1-1( c ) and 22 NYCRR Part 130.1-1a (b), of which we ask the Court to take notice
of

16.     Further, CPLR Section 513(a) states that in an action arising out of a
        consumer credit transaction, the clerk  shall   not  accept  a summons for
        filing when it appears upon its face that the   proper venue is a county other
        than the county  where  such  summons  is   offered for filing.

17.     In other words, according to  these sections, an action against me on a
        defaulted credit card debt had to be  brought in Saratoga County, where I
        live.

18.     Defendants,  on the summons, states " Basis of venue is the residence of the
        defendant (s) and the county where the action took place. "[2]

19.     However, in the complaint, defendants do not allege I live in Albany County
        nor do they allege the transaction took place in Albany County.

20.     Contrary to the defendants' asservations and in fact,  I did not and do not
        live in Albany County. While I do live in Waterford, New York, Waterford is in
        Saratoga County.

21.     Contrary to the defendants' asservations  and as a matter of New York law (
        as I am informed and believe),  the "transaction" ( i.e., default on a credit
        card) would have occurred in Nevada. [3]

22.     Each defendant either  knew or had  reason to know  I do not live in Albany
        County  but ignored that fact.

23.     Alternatively, the  defendants  made no inquiry into what county  I actually
        lived in .

---

[2] Ex 1
[3] see *Global Fin. Corp. v Triarc Corp.*, 93 NY2d 525 [1999].  which plaintiff asks the Court to take notice
of

24.     Moreover, defendants did not allege in the complaint that I signed a contract or other document evidencing a debt to Cavalry or HSBC Bank Nevada NA in Albany County. In fact, I did not.

25.     The defendants knew or should have known that the law presumes the transaction occurred in Nevada.

26.     In other words, the factual asservations defendants made in the summons about venue were materially false.

27.     Defendants should have sued me in the Supreme Court for Saratoga County, a court of general jurisdiction in Saratoga County where I live, but they did not.

28.     Defendants could have sued me in the Waterford Town Court, where I live, but they did not.

29.     Defendants knew or had reason to know that the Albany County Clerk would have rejected its summons and complaint had it asserted thereon I lived in Saratoga County.

30.     I was served the summons and complaint on after 10/31/12. As a result, I had to hire an attorney to defend me.

31.     In my answer to the complaint, I asserted my residence as Saratoga not Albany County and demanded defendants remove the action to the proper county.

32.     A true copy of my answer to defendants' summons and complaint is
        attached as Ex 2.

33.     Despite my answer and demand, defendants ignored the fact they brought
        this action in a county in which I do not live nor where the complained of
        transaction took place.

34.   As a result, I have been damaged.


## COUNT   1

*(Violation of the Fair Debt Collection Practices Act - improper venue)*

35.     I reallege and reiterate the allegations of the preceding paragraphs;

36.     Defendants'  actions in suing me in a judicial district ( i.e., the Albany
        County Supreme Court)  where I do  not live nor where the alleged credit
        card contract sued upon was  signed, violates 15 USC §1692i and  is unfair
        and unconscionable per 15 USC §1692f.

## COUNT 2

*(Violation of the Fair Debt Collection Practices Act
Deceptive/Unfair/Unconscionable collection practice)*

37.     I reallege and reiterate the allegations of the preceding paragraphs;

38.    Defendants'  acts of:

    a.    suing me in a judicial district ( i.e., the Albany  County Supreme Court)  which was a legally improper venue for a consumer credit transaction,  when it knew or should have known the proper county was Saratoga, and

    b.   falsely alleging  that I lived in Albany County  and that the cause of action accrued there  for the purpose of inducing the Albany  County Clerk to accept the summons and complaint when it knew or had reason to know these allegations are false,

    was deceptive, false,  improper and unfair,  violating 15 USC §1692e,  15 USC §1692e(5), 15 USC  §1692f and 15 USC §1692i.

39.    Defendants conduct in violation of the FDCPA as set forth in the above Counts   did not result from any bona fide error but was the result of collection procedures and practices not reasonably adapted to avoid such violations.

40.    Defendants'  actions as alleged in the above Counts  in violating the above sections of the FDCPA  were frequent, intentional, and persistent.

## JURY DEMAND

I respectfully request a trial by jury of all issues.

**WHEREFORE**, I ask the Court for judgment:

a.  declaring the actions of  the defendants  in violation of the FDCPA ;

b.  awarding me actual damages ;

c.  awarding me statutory damages against each defendant per 15 USC §1692k;

d.  awarding me the costs and disbursements of this action,  and reasonable

    attorney's fees ( per 15 USC § 1692k),   and

e.  such other, further and different relief as the Court finds proper here.


DATED:    September 30, 2013


_____S/ Anthony J Pietrafesa _____

**ANTHONY J PIETRAFESA ESQ. (102368)**

*Attorney for the Plaintiff*
210 Bell Court
Schenectady NY 12303
518.218.0851
Fax: 518.514.1241
ajp@ajp1law.com

VERIFICATION

New York State                }
Albany County                 } ss:


James A Hinchcliff, being duly sworn, deposes and says: I the plaintiff in this
action, I have read the complaint, and the factual allegations contained in the
complaint are true to my personal knowledge except for those based on my
information and belief, and as to those I believe them to be true.


*s/ James A Hinchcliff*
_____




Sworn to and Subscribed
Before me on  9/30/13



*s/ Anthony J. Pietrafesa*
_____
Anthony J. Pietrafesa
Notary Public Albany County
02PI6155974
My Commission exp. 11/20/2014